IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| RUTH HOFELTZ, | : | Civil No. 2:07CV 00418BD |
| Plaintiff, | : | |
| v. | : | ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| | : | Honorable Dee Benson |
| Defendant. | : | |

On October 9, 2007, Plaintiff appealed the Commissioner's decision denying her application for disability insurance benefits and supplemental security income under the Social Security Act. After the case had been fully briefed, the court heard oral arguments on July 30, 2008. Having now fully heard the case, the court finds that the final decision of the Commissioner, an ALJ decision dated August 25, 2006, that Plaintiff is not disabled is supported by substantial evidence and free of legal error.

Plaintiff raised three issues in her pleadings and at oral argument: whether the ALJ should have found that a personality disorder was a severe impairment; whether the ALJ properly evaluated Plaintiff's impairments at step three; and whether the ALJ properly gave little weight to the opinion of a treating physician, Dr. Ponce. The Court finds Plaintiff's arguments without merit. The Court further finds that the remainder of the ALJ's decision is without error

and supported by substantial evidence.  Therefore, the court affirms the Commissioner's final decision.

In his decision, the ALJ followed the five-step sequential evaluation in denying Plaintiff's applications for disability insurance benefits and supplemental security income.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Applying the five-step sequential evaluation he found: 1) Plaintiff had not engaged in substantial gainful activity since her alleged onset date; 2) Plaintiff had severe impairments: depression and anxiety; 3) Plaintiff's impairments did not meet or equal the listed impairments at 20 C.F.R., pt. 404, subpt. P, app. 1 (the Listings); 4) Plaintiff retained the residual functional capacity to perform a range of light work and that the demands of her past work as an office clerk did not exceed her residual functional capacity (Tr. 20-24).  In determining Plaintiff's residual functional capacity, the ALJ gave little weight to the opinion of Sean Ponce, M.D., who was Plaintiff's treating psychiatrist (Tr. 23; 637-41).  As noted above, Plaintiff challenges the ALJ's step two and three findings and his treatment of Dr. Ponce's opinion.

The court "can easily dispose of" Plaintiff's first argument that the ALJ should have found her personality disorder to be severe because "the ALJ . . . made an explicit finding that Plaintiff suffered from severe impairments.  That was all the ALJ was required to do in that regard." *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007); *see also Brescia v. Astrue*, No. 07-4234, slip. op. at *2, 2008 WL 2662593 (10th Cir., Jul. 8, 2008).  "Once an ALJ has found that a claimant has at least one severe impairment, a failure to designate another disorder as 'severe' at step two does not constitute reversible error because, under the regulations, the agency at later steps 'consider[s] the combined effect of all of [the claimant's] impairments without

regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Brescia*, 2008 WL 2662593 at \*2 (*citing* 20 C.F.R. §§ 404.1523, 404.1525 , 416.923, 416.945(e); *see also Maziarz v. Sec 'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987)).  Plaintiff's "true quarrel" is not with the step-two findings, but with the findings concerning her residual functional capacity.  *See id.*  The court finds no reversible error at step-two of the sequential evaluation.

The court finds no merit in Plaintiff's argument that the ALJ erred in finding that she did not meet the requirements of the Listings.  Plaintiff claims that she met the requirements for Listings sections 12.04, 12.06, and 12.08.  To meet the requirements of sections 12.04 and 12.06, a claimant must show that she met the requirements of subsection A and the requirements of subsection B or C, and to meet the requirements of section 12.08, a claimant must show that she met the requirements of subsections A and B.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.06, 12.08.  Subsection B of each section is identical.  *See id.*  The court assumes that Plaintiff met the requirements of subsection A of sections 12.04, 12.06, and 12.08.  The ALJ found that Plaintiff's mental impairments did not meet the requirements of subsections B and C of sections 12.04, 12.06 (Tr. 21).  Because subsection B of 12.08 is the same as that of subsections 12.04 and 12.06, the ALJ's findings pertaining to subsection B of 12.04 and 12.06 serves to find that Plaintiff did not meet the requirements of section 12.08 (Tr. 21).  The court finds that the ALJ's conclusion is supported by substantial evidence and free of legal error.

The court finds that the ALJ properly considered Dr. Ponce's July 21, 2006 opinion.  An ALJ must give "good reasons" for the weight assigned to a treating physician's opinion.  S*ee*

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (citing 20 C.F.R. § 404.1527(d)(2) (outlining factors to be considered by the ALJ when assessing treating medical source opinions)). The ALJ is required to "give good reasons" and "consider" these factors, but the ALJ need not ritualistically articulate a detailed analysis as to each one. *See Qualls*, 206 F.3d at 1372 (stating that the ALJ is not required to set forth a "formalistic factor-by-factor recitation of the evidence"); *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (stating that the ALJ "is not required to discuss every piece of evidence"). Rather, the ALJ's decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins* at 1300.

In this case, substantial evidence supports the ALJ's decision to give little weight to Dr. Ponce's opinion and there is no legal error. The ALJ noted that Dr. Ponce's treatment notes did not provide information to support the extreme limitations Dr. Ponce stated Plaintiff had (Tr. 23). For example, Plaintiff reported that she was doing well on medication and her mood was "okay" (Tr. 644-46). The ALJ also noted that Dr. Ponce indicated that Plaintiff's GAF was 65 to 70, which indicated Plaintiff was suffering only mild symptoms, and was, therefore inconsistent with his opinion that Plaintiff had more severe symptoms (Tr. 24; 637). For these reasons, the ALJ gave Dr. Ponce's opinion little weight. There is substantial evidence to support the ALJ's reasoning, and the court finds the ALJ did not err in according little weight to the treating physician's opinion. *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029(10th Cir. 1992); *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988).

## **CONCLUSION**

Based on the foregoing, the court concludes that the Commissioner's final decision is supported by substantial evidence and free of legal error. This case is therefore affirmed.

DATED this 28th day of August, 2008.

BY THE COURT

Honorable Dee Benson
United States District Court